**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

CYNTHIA WANEK,

    Plaintiff,

      v.

ACCOUNTS RECEIVABLE
MANAGEMENT, INC.

    Defendant.

---

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**
**(Unlawful Debt Collection Practices)**

---

**PLAINTIFF'S COMPLAINT**

CYNTHIA WANEK (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against ACCOUNTS RECEIVABLE MANAGEMENT, INC. (Defendant):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA). According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to eliminate

abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e)*.

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, lawyers, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Because Defendant maintains a business office and conducts business in the State of Colorado, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person residing in Crete, Saline County, Nebraska, and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

10. Defendant is a national company with its headquarters in Colorado Springs, El Paso County, Colorado.

11. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

12. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

13. Defendant constantly and continuously places calls to Plaintiff seeking and demanding payment for an alleged consumer debt.

14. Defendant caller placed the calls from 866-932-6720 and Plaintiff believes Defendant calls from unknown or private numbers.

15. Defendant caller stated that Plaintiff is "irresponsible", and stated further, "You are making one excuse after another to get out of this…"

16. Defendant caller threatened Plaintiff with wage garnishment.

17. Defendant called Plaintiff and hung up when Plaintiff answered the phone.

18. Defendant failed to state that the call is from a debt collector in subsequent

communications.

19. Defendant violated the FDCPA based on the following:

   a. Defendant Violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff by stating to Plaintiff that she is. "….. making one excuse after another to get out of this…"

   b. Defendant violated *§1692d(2)* of the FDCPA because Defendant engaged in profane or abusive language by calling Plaintiff, "Irresponsible."

   c. Defendant Violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff repeatedly and continuously with the intent to annoy, abuse, and harass.

   d. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of callers identity.

   e. Defendant violated *§1692(e)* of the FDCPA because Defendant made a false, deceptive or misleading statement when Defendant misrepresented to Plaintiff that; Plaintiff's wages will be garnished

   f. Defendant violated *§1692e(4)* of the FDCPA threatening to garnish Plaintiff's wages even though Defendant did not intend to take such action.

   g. Defendant violated *§1692e(10)* of the FDCPA by engaging in deceptive means to collect a debt or obtain information about a consumer by threatening to garnish Plaintiff's wages when Defendant did not intend to do so.

   h. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

      i. Defendant violated *§1692f* of the FDCPA by engaging in unfair practices and unconscionable means to collect or attempt to collect an alleged debt by threatening wage garnishment on Plaintiff.

20. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit "A").

WHEREFORE, Plaintiff, CYNTHIA WANEK, respectfully requests judgment be entered against Defendant, ACCOUNTS RECEIVABLE MANAGEMENT, INC., for the following:

21. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,
22. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,
23. Actual damages,
24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*
25. Any other relief that this Honorable Court deems appropriate.

/ / /

/ / /

/ / /

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CYNTHIA WANEK, demands a jury trial in this cause of action.

DATED:  June 1, 2009                              KROHN & MOSS, LTD.

                                        By: /s/Nicholas J. Bontrager            _
                                              Nicholas J. Bontrager, Esq.
                                              Krohn & Moss, Ltd.
                                             10635 Santa Monica Blvd., Suite 170
                                              Los Angeles, CA 90025
                                              Ph: (323) 988-2400; Fx: (866) 802-0021
                                              nbontrager@consumerlawcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEBRASKA

Plaintiff, CYNTHIA WANEK, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, CYNTHIA WANEK, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: May 1, 2009

_____
CYNTHIA WANEK

- 6 -

PLAINTIFF'S VERIFIED COMPLAINT

**EXHIBIT A**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — YES NO
2. Fear of answering the telephone — YES NO
3. Nervousness — YES NO
4. Fear of answering the door — YES NO
5. Embarrassment when speaking with family or friends — YES NO
6. Depressions (sad, anxious, or "empty" moods) — YES NO
7. Chest pains — YES NO
8. Feelings of hopelessness, pessimism — YES NO
9. Feelings of guilt, worthlessness, helplessness — YES NO
10. Appetite and/or weight loss or overeating and weight gain — YES NO
11. Thoughts of death, suicide or suicide attempts — YES NO
12. Restlessness or irritability — YES NO
13. Headache, nausea, chronic pain or fatigue — YES NO
14. Negative impact on my job — YES NO
15. Negative impact on my relationships — YES NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities:

I was afraid each time the phone rang to the point of having a racing pulse because of the upsetting manner in which this debt collector Ben Johnson was doing business. It was inexcusable, I have learned, for him to have harassed me just for asking him to identify himself and his company. "Who do you think you are telling me how to do my job" was his response to me after I said I believed he was obligated to tell me who he was and what company he was working for. He never gave me a clear enough explanation to be understandable. I said I was sorry but I didn't know anything about his company and wouldn't be making a payment to him (which he was demanding right then and there at the moment.) "Don't apologize to me— apologize to my client," is how he responded in a condescending, taunting manner. There are legitimate businesses needing to use telephone contact and this type of abusive debt collection jeopardizes their opportunities. It hurts everyone in a general economic manner and is could practically be described as terrorizing for individuals who are personally subjected to it.

Pursuant to 28 U.S.C. § 1740(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 05-05-2009

Cynthia S. Wanek
Signed Name

Cynthia S. Wanek
Printed Name